IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00024-FDW
(3:13-cr-00264-FDW-1)

| | |
|---|---|
| HECTO MANUEL CASTANEDA GASTELO, ) ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

HECTOR MANUEL CASTANEDA GASTELO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER**

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On September 18, 2013, Petitioner was indicted in this district on one count of conspiracy to possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One); one count of money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); and one count of possession with intent to distribute one kilogram of heroin, and aiding and abetting the same, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Four).

Petitioner entered into a plea agreement with the Government, agreeing to plead

1

guilty to Count One in exchange for the dismissal of Counts Two and Four.[1] In the agreement, Petitioner acknowledged the amount of heroin that was known or reasonably foreseeable to him in the conspiracy was at least one kilogram, and the parties agreed that they could argue about additional drug amounts during sentencing. (Doc. No. 121).

On May 21, 2014, Petitioner appeared with counsel before U.S. Magistrate Judge David S. Cayer for his Rule 11 hearing and he was placed under oath. The elements of Count One were explained to him, along with the maximum penalties, and he averred that he understood the charge and he admitted that he was in fact guilty of the charged conduct. Petitioner also averred that he understood and agreed with the contents of his plea agreement, which included his decision to waive his right to contest his conviction or sentence on direct appeal or in a collateral proceeding, except through claims of prosecutorial misconduct and ineffective assistance of counsel. Petitioner swore that he had discussed how the Guidelines might apply to his sentence with his attorney, that he was satisfied with the services of his attorney, and that no one had promised him anything or coerced him regarding his decision to enter into the plea agreement and plead guilty. After answering these questions, Petitioner and his counsel examined the Acceptance and Entry of Guilty Plea form wherein the court had written down each of his responses to the questions posed during the hearing, and Petitioner signed the form acknowledging under oath that his answers were true. Petitioner's guilty plea was accepted after the court found

---

[1] Petitioner moved to suppress statements he made to law enforcement and he challenged his warrantless arrest. The motion was denied as without merit following an evidentiary hearing after the Court found he was properly Mirandized and there was probable cause for the warrantless arrest.

that it was knowing and voluntary and his case was referred to the U.S. Probation Office for preparation of the presentence report.

In the presentence report, the probation officer calculated a base offense level of 34 because the evidence demonstrated that Petitioner was responsible for at least 10 kilograms but less than 30 kilograms of heroin in the conspiracy. See USSG § 2D1.1(c)(3) (2014). A two-level enhancement was applied because Petitioner maintained a premises for manufacturing or distributing a controlled substance, see id. § 2D1.1(b)(12); a two-level enhancement was applied because the probation officer found that Petitioner was directly involved in the importation of a controlled substance from another country pursuant to USSG § 2D1.1(b)(15)(C); and four levels were added because the probation officer found Petitioner qualified as an organizer or leader in the drug conspiracy. Id § 3B1.1(a). After adjusting for acceptance of responsibility, Petitioner's Guideline range of imprisonment was 292-365 months based on a total offense level of 39 and a criminal history category II. After examining the draft of the presentence report, Petitioner filed objections to the proposed drug amounts and the enhancements for maintaining a drug premises and being an organizer or leader in the conspiracy. Petitioner also challenged the calculation of his criminal history.[2]

On March 2, 2015, Petitioner appeared for his sentencing hearing and the Court confirmed that his guilty plea was knowing and voluntary after addressing Petitioner and reviewing the Rule 11 proceedings. The parties stipulated there was a factual basis for the

---

[2] Petitioner withdrew this objection at sentencing after noting that he had reviewed documents that supported the criminal history in the presentence report. (Doc. No. 212: Sentencing Tr. at 22).

plea in the presentence report and the plea was accepted. The Government then presented evidence regarding the amount of heroin it contended Petitioner was responsible for through the testimony of Special Agent Dustin Harmon from the DEA who served as a lead investigator in Petitioner's case. The Government also presented testimony from co-conspirators Steven Gonzalez, Lorenzo Gonzalez, and Carlos Moreno that described their role in the drug conspiracy and each witness testified regarding the amount of heroin involved and they admitted they took directions from Petitioner.

After considering the Government's evidence, the Court sustained the objection to the four-level enhancement after finding that Petitioner's role appeared to be that of a manager/supervisor rather than a leader or organizer. Accordingly, a three-level enhancement was applied. Petitioner's objection to the enhancement for aiding and abetting the importation of heroin from Mexico was overruled. Finally, the Court overruled Petitioner's objection to the amount of heroin attributable to Petitioner after finding the Government's evidence credible that Petitioner was responsible for more than 10 kilograms. Petitioner's new Guidelines range was reduced to 262-327 months in prison based a Level II criminal history category and total offense level of 38. The Court granted Petitioner's motion for a downward departure and imposed a sentence of 240-months' imprisonment and his judgment was affirmed on appeal in an unpublished opinion. See United States v. Gastelo, 633 F. App'x 164 (4th Cir. 2016).

In this collateral proceeding, Petitioner raises four claims of ineffective assistance of counsel (Grounds One, Two, Three, and Five) and a claim that his Fifth Amendment rights were violated (Ground Four).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Ground One

Petitioner first contends that his plea was not knowing and voluntary because his trial counsel was ineffective in advising him of the consequences attendant to his conviction. (3:17-cv-00024, Doc. No. 1-1: Petitioner's Mem. at 6). Specifically, Petitioner argues that at the time he entered his guilty plea, neither he nor his counsel was in possession of evidence regarding the actual amount of heroin for which he was eventually found responsible. (Id. at 8). Consequently, Petitioner maintains that he did not understand the potential sentence he could face upon conviction.

6

As noted, Petitioner entered into a plea agreement wherein he agreed that he was responsible for at least one kilogram of heroin and he expressly agreed that the final drug amount could be contested at his sentencing hearing. During his Rule 11 hearing, the Government summarized this term of the plea agreement, among others, and Petitioner averred that he understood and agreed with each of the terms of the plea agreement. (3:13-cr-00264, Doc. No. 122: Acceptance and Entry of Guilty Plea; Doc. No. 211: Rule 11 Tr. at 8-10). In addition, Petitioner confirmed during his sentencing hearing that each of the questions that he answered during his Rule 11 hearing were truthful.

It is well-settled that a petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

For the reasons stated, this argument is overruled.

    2.    Ground Two

Petitioner next argues that his counsel was ineffective because he did not properly investigate the drug quantity for which he was ultimately held responsible and he failed to request an evidentiary hearing on the issue of drug quantity prior to sentencing.

7

(Petitioner's Mem. at 10). Petitioner insists there is insufficient evidence that he was responsible for more than 10 kilograms of heroin and that if this had been established prior to sentencing, "the drug amount would have been capped."

As just noted, Petitioner expressly agreed in his plea agreement that the issue of drug quantity, to the extent it exceeded one kilogram, would be resolved during his sentencing hearing, and he confirmed this fact under oath during his Rule 11 hearing, and he affirmed at sentencing that he had given nothing but truthful answers during his plea hearing. Thus it would appear Petitioner has waived his ability to raise the present challenge—under the guise of ineffective assistance of counsel—because he knew the drug quantity was uncertain at the time he entered his plea.

As discussed above, during sentencing the Government presented sworn testimony from Special Agent Harmon from the DEA regarding the quantity of heroin that was attributable to Petitioner. Notably, Special Agent Harmon testified his investigation demonstrated there was well over 10 kilograms attributable to Petitioner and he testified that Petitioner <u>actually</u> admitted that over 10 kilograms was involved following his arrest. In addition, the Government presented the testimony from three co-conspirators—the Gonzalez brothers and Carlos Moreno—that established that Petitioner was responsible for more than 10 kilograms of heroin.

It is true that his counsel did not have the full picture of the drug quantities the Government would eventually allege he was responsible for at the time he entered his plea, but this was due to the fact that the investigation into the drug conspiracy continued well after Petitioner entered his plea. It was only after additional co-defendants were

8

interviewed that the Government had a clear picture about the drug quantities. In any event, the evidence demonstrates that Petitioner admitted that more than 10 kilograms were involved following his arrest; therefore he cannot demonstrate deficient performance or prejudice.

For these reasons, this claim will be denied.

3. Ground Three

Here, Petitioner contends his counsel was ineffective because he did not move to sever his case from the defendants that were charged after he was indicted. (Petitioner's Mem. at 10-11).

Rule 8(b) of the Federal Rules of Criminal Procedure provides that a single "indictment ... may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Moreover, the rule adds that "defendants may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count." Id.

In general, "[j]oinder is highly favored in conspiracy cases, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy." United States v. Dinkins, 691 F.3d 358, 367–68 (4th Cir. 2012) (internal citation and quotations omitted); see United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) (noting that courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly).

Petitioner's argument is misguided as he was not named in any of the indictments

that were filed after his indictment thus the issue of severance is irrelevant. What Petitioner is actually complaining about is the fact that he was found responsible for drug amounts based on evidence that was amassed through interviews with defendants that were charged after he was indicted. This argument will be overruled as there is nothing improper about holding Petitioner responsible for such drug amounts, in particular, because the evidence pertains to heroin that was trafficked while Petitioner was actively involved in the conspiracy. That the additional evidence of drug quantity may have been discovered after his indictment and guilty plea is simply of no moment.

        4.        Ground Five

In his final claim of ineffective assistance of counsel, Petitioner argues that his counsel should not have waived his right to be interviewed by the probation officer as the presentence report was being prepared. (Petitioner's Mem. at 14). Petitioner contends he was prejudiced because he was precluded from challenging the drug quantity and he apparently wanted to renew his challenge under <u>Miranda</u> that his confession was inadmissible. This argument is plainly without merit as Petitioner acknowledged during sentencing that he had in fact reviewed the final presentence report and his counsel was able to file objections to the drug quantities thus he cannot demonstrate prejudice. Finally, the Miranda issue had been decided long before the presentence report was prepared.

        B.        Ground Four

Petitioner contends his Fifth Amendment rights were violated because he was not provided counsel during the interrogation conducted by Special Agent Harmon following

10

his arrest. (Petitioner's Mem. at 11). This argument will be overruled for the simple reason that the Court has already ruled that Petitioner was properly Mirandized prior to being interrogated following his arrest. Thus, Petitioner may not renew this contention in a collateral proceeding.

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 30, 2017

11

Frank D. Whitney
Chief United States District Judge